# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX LAZAR, | § | |
| | § | |
| *Plaintiff,* | § | Case No. **4:20-cv-2796** |
| | § | |
| v. | § | |
| | § | |
| ELECTROLUX HOME PRODUCTS, | § | **Jury Requested** |
| INC., ILLINOIS TOOL WORKS, | § | |
| INC., SEARS HOLDINGS, | § | |
| CORPORATION, KCD IP, LLC, and | § | |
| ITW ARK-LES CORPORATION | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S
## NOTICE OF REMOVAL

Defendant Electrolux Home Products, Inc. files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

## Compliance with Local Rules

Pursuant to Rule 81 of the Local Rules, Electrolux provides the following index of matters being filed:

| **Exhibit A:** | Civil Cover Sheet |
|---|---|
| **Exhibit B:** | Plaintiff's Original Petition |
| **Exhibit C:** | All executed process/proof of service on all Defendants |
| **Exhibit D:** | Plaintiff's Nonsuit of Sears |
| **Exhibit E:** | State court orders |

| **Exhibit F:** | Requests for service on all Defendants |
| --- | --- |
| **Exhibit G** | State Court docket sheet |
| **Exhibit H** | List of counsel of record |
| **Exhibit I** | All answers to pleadings asserting causes of action |

**Overview of the Case and Basis for Removal**

On June 7, 2020, Plaintiff originally filed this action, styled *Alex Lazar v. Electrolux Home Products, Inc., Illinois Tool Works, Inc., Sears Holdings, Corporation, KCD IP, and ITW Ark-Les Corporation*, Cause No. 2020-33981, in the 295th Judicial District Court of Harris County, Texas. Ex. B, Plaintiff's Original Petition.

Plaintiff alleges he injured his arm on June 9, 2018 when he opened the door to a running Kenmore Front Load Washer and inserted his arm while the drum was spinning. Ex. B at ¶¶ 11, 12. He asserts the locking system on the washer door was defective and unreasonably dangerous. Plaintiff claims Electrolux, Illinois Tool Works, Inc., Sears Holdings Corporation, KCD IP, LLC, and ITW Ark-Les Corporation each "designed, manufactured, assembled, marketed, and sold" the washer or its components. *Id.* at ¶¶ 15, 16, 25. Plaintiff seeks to recover from the defendants under theories of negligence, gross negligence, and strict product liability. *Id.* at ¶¶ 14-31.

This Court has original diversity jurisdiction under 28 U.S.C. § 1332(a) because this civil action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Thus, Electrolux properly removes this action under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

## Timeliness of Removal

Plaintiff served Electrolux with his Original Petition on July 13, 2020. *Ex. C. Proof of Service.* Removal is timely under 28 U.S.C. 1446(b)(1) because Electrolux files its Notice of Removal within 30 days of service of the initial State court pleading.

## Diversity Jurisdiction Exists

Plaintiff alleges he resides in Texas. Ex. B at ¶ 2. Plaintiff's residence allegation is *prima facie* evidence of Texas citizenship for diversity purposes. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile."); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile"). Plaintiff is—and was at the time the suit was filed—a Texas citizen.

Electrolux is a Delaware corporation with its principal place of business in North Carolina. Thus, at the time Plaintiff filed suit and the time of this removal, Electrolux was and is a citizen of Delaware and North Carolina for purposes of determining diversity of citizenship under 28 U.S.C. § 1332(c)(1). *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

Defendant Illinois Tool Works, Inc. is a Delaware corporation with its principal place of business in Illinois. At the time Plaintiff filed suit and the time of this removal, Illinois Tool Works, Inc. is and was a citizen of Delaware and Illinois. The entity Plaintiff incorrectly sued as ITW Ark-Les Corporation is a wholly owned subsidiary of ITW. On information and belief, the correct name of this entity is Illinois Tool Works Inc. d/b/a ITW

3

Appliance Components. This entity is a Delaware corporation with its principal place of business in Wisconsin. At the time Plaintiff filed suit and the time of this removal, Illinois Tool Works Inc. d/b/a ITW Appliance Components is and was a citizen of Delaware and Wisconsin.

Plaintiff nonsuited Sears before Electrolux filed its notice of removal. Ex. D, Plaintiff's Nonsuit of Sears. The State court signed an order nonsuiting Defendant Sears without prejudice on July 27, 2020. Ex. E, State court order granting nonsuit. Sears is no longer a party. At all times material to this analysis, KCD IP, LLC is and was a Delaware limited liability company whose sole member was Sears Brands, LLC. Sears Brands, LLC is and was a Delaware limited liability company whose sole member is Rover Brands Business Unit, LLC. Rover Brands Business Unit, LLC is an Illinois limited liability company whose sole member is Sears Holdings Management Corporation. Sears Holdings Management Corporation is a Delaware corporation with its principal place of business in Illinois. At the time of this removal and the time the lawsuit was filed, KCD IP, LLC is and was therefore a citizen of Delaware and Illinois. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015) (an LLC takes the citizenship of its members).

Plaintiff is now—and was at the time of filing of the lawsuit—a Texas citizen. No Defendant is now—or was at the time the lawsuit was filed—a Texas citizen. Thus, complete diversity exists and this removal is proper based on the complete diversity of the parties. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b)(2).

4

## Amount in Controversy

Plaintiff claims damages "in excess of $1,000,000.00." Ex. B at ¶ 10. The amount in controversy therefore exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. 1446(c)(2).

## Venue

Venue is proper in this Court for purposes of removal. Plaintiff brought this action in the 295th Judicial District Court of Harris County, Texas—located within the Southern District of Texas, Houston Division. 28 U.S.C. § 124(b)(2). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## Consent

All necessary parties have consented to the removal in accordance with 28 U.S.C. § 1446(b)(2)(A).

## Compliance with Notice and Filing Requirements

Pursuant to 28 U.S.C. § 1446(d), Electrolux will promptly give written notice of the filing of this Notice to Plaintiff through his attorney of record. Additionally, Electrolux will promptly file a copy of this Notice of Removal with the clerk for the 295th Judicial District Court of Harris County, Texas.

Electrolux attaches as exhibits to this Notice copies of all pleadings and orders from the State court, as required by 28 U.S.C. § 1446(a). In compliance with Local Civil Rule 81, Electrolux attaches all executed process and requests for service, the State court docket

sheet, a list of counsel of record, and all answers to pleadings asserting a cause of action. Exs. C, F, G, H, I.  Only a docket control order and the order dismissing Sears have been signed by the State judge.  Ex. E.  No motions are pending in State court at the time of removal.  Electrolux also files with this Notice of Removal copies of all records on file in State court.  See 28 U.S.C. § 1447(b).  In compliance with Local Rule 3, Electrolux attaches an executed Civil Cover Sheet.  Ex. A.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38, Electrolux makes and has filed a demand for jury trial.

## Conclusion

All conditions and procedures for removal have been satisfied. Based on the foregoing, Electrolux removes this case to this Court.

Respectfully submitted,

By: */s/ David R. Tippetts*
David R. Tippetts
State Bar No. 20065250
S.D. Texas No. 13836
ATTORNEY-IN-CHARGE
7500 San Felipe, Suite 500
Houston, Texas 77063
Ph. (713) 244-0800
Fx. (713) 244-0801
david.tippetts@wtllaw.com

OF COUNSEL:

WEINSTEIN, TIPPETTS & LITTLE, LLP
Jason P. Hartman
State Bar No. 24065383
S.D. Texas No. 1321533
jason.hartman@wtllaw.com

*Attorneys for Defendant Electrolux Home Products, Inc.*

*Consented to:*

ANDREWS MEYERS P.C.


By:  */s/ Anthony G. Stergio*
Anthony G. Stergio
Wesley M. Walker
1885 St. James Place, 15th Floor
Houston Texas 77056

*Attorneys for Defendants Illinois Tool Works, Inc., and incorrectly named ITW Ark-Les Corporation (correctly named as Illinois Tool Works Inc. d/b/a ITW Appliance Components)*


*Consented to:*

WAGNER LAW PLLC

By:  */s/ Jason Wagner*
Jason Wagner
1110 Kingwood Drive, Suite 280
Houston, TX 77339

*Attorney for Defendant KCD IP, LLC*

7

## Certificate of Service

I certify that on August 11, 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jared R. Woodfill
WOODFILL LAW FIRM, P.C.
3 Riverway, Suite 750
Houston, Texas 77056
Ph. (713) 751-3080
Fx. (713) 751-3085
woodfillservice@gmail.com

*Counsel for Plaintiff*

Anthony G. Stergio
Wesley M. Walker
ANDREWS MEYERS P.C.
1885 St. James Place, 15th Floor
Houston Texas 77056
Ph. (713) 850-4200
Fx. (713) 850-4211

*Counsel for Defendants Illinois Tool Works, Inc., and incorrectly named ITW Ark-Les Corporation (correctly named as Illinois Tool Works Inc. d/b/a ITW Appliance Components)*

Jason Wagner
WAGNER LAW PLLC
1110 Kingwood Drive, Suite 280
Houston, TX 77339
Ph. (713) 554-8450
Fx. (713) 554-8451

*Counsel for Defendant KCD IP, LLC*

                                                */s/ David R. Tippetts*
                                                David R. Tippetts