United States District Court
Southern District of Texas
**ENTERED**
May 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEX LAZAR, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:20-CV-2796 |
| § | |
| ELECTROLUX HOME PRODUCTS, INC., ET AL., § | |
|     *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This products liability personal injury case is before the Court on Illinois Tool Works, Inc.'s Traditional Motion for Summary Judgment (ECF 57) and Electrolux Home Products, Inc.'s Second Renewed Motion for Summary Judgment (ECF 58).[1]  Having reviewed the parties' submissions and the law, the Court recommends that the motions be GRANTED and this cased be DISMISSED with prejudice.[2]

**I.      Background Facts and Legal Standards**

    **A.  Plaintiff's allegations**

Plaintiff alleges he was injured when the lock on the door of his front-loading Kenmore washing machine failed, allowing him to open the door and reach into the machine while the drum continued to spin.  ECF 1-2 ¶¶ 12-13; ECF 63-4, ¶ 3.  His arm became entangled with the clothes in the spinning machine and he was injured.  *Id.*  He has had two surgeries on his arm and alleges a permanent injury.  ECF 63-4, ¶¶ 11-12.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 24.

[2] Also pending is Defendant Electrolux Home Products, Inc.'s Motion to Strike A. Aleksander Opinions (ECF 59) and Joinder of Defendant Illinois Tool Works Inc. thereto (ECF 62).  For purposes of the summary judgment motion only, the Court presumes the opinions and testimony of Aleksander cited by Plaintiff are admissible and terminates the motions to strike as moot.

Electrolux Home Products, Inc. (Electrolux) manufactured the Kenmore front-loading machine at issue in 2016. ECF 57 at 2; ECF 58 at 1. Illinois Tool Works, Inc. (ITW) manufactured the door lock.[3] *Id.* Plaintiff sued both Defendants in Texas state court and Defendants removed the case to federal court based on diversity jurisdiction. *See* ECF 1; ECF 63, ¶ 2. Plaintiff's suit asserts product liability claims based on a product defect.[4] Specifically, Plaintiff alleges Defendants are liable for his injuries resulting from a defect in the locking mechanism on his washing machine either under strict liability or because they were negligent.[5] *See* ECF 1-2, ¶ 17; ECF 63 at 5 (arguing that his expert "identified the defect in the design of the lock mechanism.").

**B.     Summary judgment standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits,

---

[3] Plaintiff non-suited his claims against Sears Holding Corporation prior to removal (ECF 1-5 at 1) and voluntarily dismissed his claims against KCD IP, LLC after removal (ECF 17).

[4] Under Texas law, a product liability case can be based defects in marketing, design, and/or manufacturing. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). Although Plaintiff's Original Petition filed in state court contains conclusory allegations of all three types of defects, ECF 1-2, ¶ 25, neither his Summary Judgment Response nor his Response to the Motion to Strike makes any mention of a marketing defect and any such claim is abandoned. *See* ECF 63.

[5] "Under Texas law, a plaintiff can recover in a products liability action under three theories: (1) strict liability; (2) negligence; and (3) breach of warranty." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 805 (S.D. Tex. 2011).

depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

## II.     Analysis of Defendants' Motions for Summary Judgment

Defendants Electrolux and ITW both argue they are entitled to summary judgment because Plaintiff cannot meet his burden to create a genuine issue of material fact on each element of his claims for negligence and strict liability under Texas law.[6] Plaintiff argues that his own Affidavit describing the incident combined with the testimony of his expert, Dr. Adam Aleksander, create genuine issues of material fact that preclude summary judgment.

### A.     Texas law of product liability

Both strict liability and negligence theories of product liability require proof of the existence of a defect. *Herbst v. Deere & Co.*, No. 3:21-CV-44, 2021 WL 5567379, at *1 (S.D. Tex. Nov. 29, 2021). "Strict liability looks at the product itself and determines if it is defective. Negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in

---

[6] Defendants filed separate Motions for Summary Judgment, but their arguments overlap and the Court addresses them jointly. Plaintiff filed a Response (ECF 63) only to Electrolux's Motion, but the Court deems his Response as applicable to both Motions.

3

design and production [of the product]." *Romo v. Ford Motor Co.*, 798 F. Supp. 798, 807 (S.D. Tex. 2011) (quoting *Syrie v. Knoll Intern.*, 748 F,2d 304, 307 (5th Cir. 1984). The manufacturer of a product has the duty to design products that are not unreasonably dangerous. *Moncibaiz v. Pfizer Inc.*, 532 F. Supp. 3d 452, 461 (S.D. Tex. 2021) (internal citations omitted). Furthermore, "Texas courts have explained that 'where the allegations and evidence are directed to whether the product is 'unreasonably dangerous' and no other potentially negligent conduct is alleged or the subject of evidence,' the negligence theories are subsumed by the strict liability theories asserted." *Id.* at 807-08 (quoting *Garrett v. Hamilton Stand. Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988)).

To recover on a strict liability design defect claim under Texas law, "a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1040 (5th Cir. 2011) (citing *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009)). Standing alone, the fact that a product failed or malfunctioned is generally insufficient proof of a product defect. *Cooper Tire*, 204 S.W.3d at 807 (holding that "[t]he inference of defect may not be drawn ... from the mere fact of a product-related accident."). The Texas Supreme Court has "consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda v. Control Solutions, Inc.*, 464 S.W.3d 338, 348 (Tex. 2015); *see also*, *Nissan Motor Co Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004) (holding that the requirements for "competent expert testimony and objective proof" of a defect and causation are not peculiar to unintended vehicle acceleration cases); *Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556-

4

59 (finding that alleged defect in design of wheelchair armrest was beyond juror's common understanding and required expert testimony).

Section 3 of the Restatement (Third) of Torts posits a "malfunction theory" which would allow a jury to infer that a defect caused plaintiff's injury if the injury-causing incident "was of the kind that ordinarily occurs as a result of a product defect" and the evidence does not demonstrate that the incident was "solely the result of causes other than the product defect." *Murnane v. Sony Elecs., Inc*., No. CV H-13-0909, 2014 WL 12537080, at *3 (S.D. Tex. Mar. 25, 2014).  But the Texas Supreme Court has never recognized the malfunction theory and has indicated that were it ever to do so, it would apply the theory only to "new or almost new" products, which this case lacks.[7]  *Id.*  (citing *Cooper Tire*, 204 S.W.3d at 808); *Snyder v. Bass Pro Outdoor World, L.L.C.*, No. 9:15-CV-135, 2017 WL 3599278, at *2 (E.D. Tex. Aug. 3, 2017), report and recommendation adopted, No. 9:15-CV-135, 2017 WL 3593819 (E.D. Tex. Aug. 18, 2017) ("Texas courts do not generally recognize the Malfunction Doctrine as a valid theory of products liability."); *Anthony v. Sunbeam Prod., Inc.*, No. 1:18-CV-607, 2020 WL 4677429, at *4 (E.D. Tex. May 5, 2020) (cases permitting circumstantial evidence of product failure to support an inference of a defect "represent the exception, not the rule.").

### B.     Plaintiff's Evidence of a Product Defect is Insufficient as a Matter of Law

Plaintiff argues in opposition to summary judgment that his expert, Dr. Adam Aleksander, "clearly and unequivocally identifies the defect as it existed at the time of the incident made the basis of this action."  ECF 63 at 2.  Plaintiff points to testimony from Dr. Aleksander that the lock

---

[7] Plaintiff purchased the washing machine in February 2017 and his injury occurred in June 2018.  ECF 63-4, ¶¶ 2-3.

failed to meet certain design requirements because the door opened when it should not have.[8] *Id.* at 3-5

In fact, Dr. Aleksander repeatedly testified in his deposition that he has ***not*** "identified a specific defect" but uses the term "defect" in his report to refer to the "problem" that the lock did not fail in a safe mode.[9] ECF 57-1 (Aleksander Depo. at 162-63). Dr. Aleksander has no opinion as to whether the alleged "defect" existed in the lock unit sold by ITW or in the way the lock interacted with the controls in the system. *Id.* (Depo. at 165) ("It could have been in a lock, or a combination of the lock in the control panel"). Dr. Aleksander further confirmed that "we don't know" why or how the lock failed. *Id.* (Depo. at 194); *see also Id.* (Depo. at 171) (he did not "zero in on the actual mechanical electrical proximate cause" but accepts the fact that "this incident happened"); *Id.* (Depo. at 195) (he has not determined "the root cause of why" the washer did not fail in safe mode).

At various points in his Report, Dr. Aleksander uses the terms "performance defect," "operational defect," "intermittent defect," and "technical defects." ECF 63-3 at 16, 22. However, it is clear from statements in Dr. Aleksander's Report that he has not identified a design or manufacturing defect that caused Plaintiff's accident:

---

[8] This argument implies a claim for a manufacturing defect, which "exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Cooper Tire & Rubber Co.*, 204 S.W.3d at 800. A plaintiff asserting a manufacturing defect claim "must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Id.* As with a design defect claim, expert evidence of the specific defect that cause plaintiff's injury is required. *Id.* at 807. In this case, Dr. Aleksander expressly testified that he was not offering any opinion on the existence of a manufacturing defect. ECF 57-1 (Depo. at 12-13).

[9] Dr. Aleksander labels his report "preliminary" (ECF 64-3 at 1) and stated in his deposition that he did not have all the information he needs to form more definite opinions. ECF 57-1 (Depo. at 172) (stating there is other data he would like to collect or would like to review if it were collected). Plaintiff engaged Dr. Aleksander in July 2021 (ECF 64-3 at 1), well after his initial deadline for designating experts and providing reports had passed. *See* ECF 13. The Court extended his deadline to file his expert report twice (ECF 40, 45), and Plaintiff designated Dr. Aleksander as an expert and served his Report on December 1, 2021 (ECF 46). The discovery deadline was January 31, 2022. ECF 40. Based on this history, the Court denied Plaintiff's motion, filed after the expiration of all scheduling order deadlines, for an extension of time to take more discovery before submission of Defendants' Motions. ECF 65.

> This locking device appears to be the focus of interest, but it is not clear that it and its multiple components alone are at the root cause of the incident. This unit interacts with the complex control unit elsewhere on the machine.

ECF 63-3 at 3.

> The examinations to-date have been very limited in scope, and have not been purposed to identify the apparent intermittent defect.

*Id.* at 16.

> The fact that machine failed in other than a fail safe mode is a defect per se . . . .

*Id.* at 22. In sum, Dr. Aleksander's entire opinion is that the washer failed in an unsafe way and there was an injury caused by that failure. *Id.* (Depo. at 204).

The Texas Supreme Court has routinely found this type of testimony insufficient to prove a product liability case. *See, e.g.*, *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42-43 (Tex. 2007) ("If juries were free to infer a product defect and causation from an accident or product failure alone . . . expert testimony would hardly seem essential. Yet we have repeatedly said otherwise."). The identification of a defect in the washing machine lock, i.e., the mechanism by which the lock failed, is beyond the understanding of the average person and thus must be established by expert testimony. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582-83 (Tex. 2006) (expert testimony required to prove that a defect caused a fuel leak, and that the fuel leak caused by the defect ignited the fire, because these determinations are beyond laypersons' general experience and common understanding). Because Plaintiff has no competent evidence of a necessary element of his products liability and negligence claims under Texas law, i.e., that a "specific defect" in the washing machine lock caused the accident in which he was injured, Defendants are entitled to summary judgment. *See Nissan Motor Co., Ltd.*, 145 S.W.3d t 137 ("a specific defect must be identified by competent evidence and other possible causes must be ruled out.").

7

**IV.      Conclusion and Recommendation**

For the reasons discussed above, the Court RECOMMENDS that Illinois Tool Works, Inc.'s Traditional Motion for Summary Judgment (ECF 57) and Electrolux Home Products, Inc.'s Second Renewed Motion for Summary Judgment (ECF 58) be GRANTED and this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 03, 2022, at Houston, Texas.

*[signature]*
Christina A. Bryan
United States Magistrate Judge